IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-CV-316-K |
| THE ESTATE OF HUGH GRANVILLE ROBINSON, NATHAN K. GRIFFIN, TEMPORARY PROBATE ADMINISTRATOR; PAULA RAYMOND ROBINSON; and CHASE BANK, | § § § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the United States' Motion for Summary Judgment (Doc. No. 34). The Court has considered the motion, Defendant Nathan K. Griffin, temporary administrator for the estate of Hugh Granville Robinson's response, all evidence submitted, and applicable law. There was no response by Defendant Paula Raymond Robinson and no reply by the United States. The United States' motion is **GRANTED**. Judgment will be entered by separate document. Fed. R. Civ. P. 58(a).

I.  **Factual Background**

Generally, the United States seeks a judgment of $868,146.50 against the Estate of Hugh Granville Robinson for unpaid taxes, penalties, and interest. The United States contends that federal tax liens have attached to all property of the Estate of Hugh Granville Robinson. The United States further contends that its claim against the Estate

of Hugh Granville Robinson is superior to the claims of any other creditors of the estate, except that reasonable attorneys' fees and administrative costs of the Temporary Probate Administrator (or any successor administrator appointed by the state probate court) and any family allowance that might be awarded by the probate court to Defendant Paul Raymond Robinson should be paid prior to payment of the United States' claim.

## II.   Legal Standard

"Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Triple Tee Golf*, 485 F.3d at 261 (citing *Celotex*, 477 U.S. at 322-25).  The burden then shifts to the non-moving party to show the existence of a genuine issue of material fact for trial. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536,

540 (5th Cir. 2005). Additionally, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 254-55.

### III. Analysis

Defendant Nathan K. Griffin, temporary administrator for the estate of Hugh Granville Robinson, filed a response and is unopposed to the United States' Motion for Summary Judgment. The remaining defendant, Paula Raymond Robinson, did not file a response to the United States' Motion for Summary Judgment. This failure does not allow the court to enter a "default" summary judgment. *Estate of Deshawn Newton v. Grandstaff*, No. 3:10-CV-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012, J. Lindsay) (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996, J. Fitzwater) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Additionally, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003, J. Cummings) (citing *Eversley*, 843 F.2d at 174; *Bookman*, 945 F. Supp. at 1002). In this instance, *pro se* Defendant Paula Raymond Robinson filed an affidavit in conjunction with her answer. However, even taking the sworn statement into consideration, it would not change the outcome of the Court's ruling in that it does

not sufficiently satisfy her summary judgment burden to defeat the United States' Motion for Summary Judgment. For the aforementioned reasons, the United States' Motion for Summary Judgment is **GRANTED** with respect to the Estate of Hugh Granville Robinson, Nathan K. Griffin, temporary administrator for the estate of Hugh Granville Robinson, and Paula Raymond Robinson.

IV.     Conclusion

The United States' Motion for Summary Judgment (Doc. No. 34) is hereby **GRANTED**. Judgment will be entered by separate document. Fed. R. Civ. P. 58(a).

**SO ORDERED.**

Signed August 6th, 2012.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4